James-Paul: Campbell
1360 University Avenue West, Ste # 460
Saint Paul, Minnesota [55104]
Email: aljustice55@gmail.com
Phone: (612) 239-5987

**CERTIFIED MAIL NUMBER # 7019 2280 0000 7043 8814**

**Mold Inspection & Testing | MI&T**
**Dba** ENVIRONMENTAL TESTING GROUP INC.
650 W. Grand Ave. Suite 302
Elmhurst, IL 60126
Phone: 855-600-6653
E-Mail: office@mitmold.com
http://moldinspectionandtest.com/

ADAM PACHA, CEO, AGENT
Address: 650 W GRAND AVE #302
ELMHURST , IL 60126

RECEIVED
BY MAIL
AUG 27 2021
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

**CLAIM FOR DAMAGES**

21-cv-1942 ECT/ECW

## Verified Formal Complaint regarding Mold Inspection Services and Damage Claim

Pursuant to **The Administrative Procedure Act** (5 U.S.C. Subchapter II), and 15 U.S. Code Title 15—COMMERCE AND TRADE

Dear Sirs,

    I would like to raise a **Verified Formal Complaint** Pursuant to The Administrative Procedure Act (5 U.S.C. Subchapter II), and **15 U.S. Code Title 15**—COMMERCE AND TRADE. regarding your services and the overall care provided by your company. To clarify my complaint concisely I have sectioned all my points to simplify my letter for ease of reading.

**Factual Circumstances**

    I had hired the services of your company, which is located/Registered in the State of Illinois, Mold Inspection & Testing (**MI&T Sample ID**: 2542073; **Type of Sample**: Air Sample; **Area Tested**: bedroom/ closet; on **[07/07/2020]** to carry out a Mold inspection at the rental property where I as a Tenant, and Consumer lived at 1153 Sherburne avenue, apt b, Saint Paul, Minnesota [55102]. The cost for this inspection was $400.00 US. I was allocated a specific Mold inspector by the name of **Matthew Christensen**. The initial inspection with him went very well, no concerns or issues there, material mold as well as Mold conditions were discovered in the

SCANNED
1 of 8
AUG 27 2021
U.S. DISTRICT COURT ST. PAUL

inspection report, however, I required a follow-up inspection to do further tests on personal items inside the unit, as I was having strong concerns as to how to deal with "cross contamination" connected to my contaminated personal property, and I was also recommended, and encouraged by the inspector to follow up for Mold remediation related services; As well as any further questions; further inspections; also concerning any/all probable litigation.(see **EXHIBIT # A MOLD REPORT)**

The acknowledgement from **Matthew Christensen** requesting for a further inspection did not happen. I made every effort to call, as well as text the inspector directly, (for over 6 months with NO RESPONSE OR CALLBACK!) with NO result. (As though he had been informed by *someone* not to communicate with me, his client.)

Thereafter, I communicated directly with your company to secure the presence of **Matthew Christensen** at a trial on the 2nd $^{of}$ December 2020. I had to pay **$600.00 USD** for **Matthew Christensen** to be present at court. I was only contacted by **Mr. Christensen**, in preparation for the trial, the night *before* trial on 12/01/2020. I spoke briefly with the inspector, however no time was available to go over the very fine details of the case with the Complainant herein, which highly prejudiced my case; as a court case takes time, preparation, attention to details, investigation, follow up, communication, and facts to be effective.

**Complaint points/Duties owed**

Implied Duties Owed

Both your inspector and your company owed me an implied duty of care on several accounts. I have noted several duties below which I believe have not been adhered to in my case. I will provide further clarity about these duties in the complaint points where I will be explaining their application and thereafter their breach.

- **The duty of care to render services prudently which includes duty:**
- **to behave with professionalism and integrity when carrying out a service or dealing with a customer.**
- **to provide a satisfactory service and prevent any harm/injury.**
- **to provide impartial opinion on a field or discipline that is within his expertise and knowledge.**

**Complaint points**

Your company had a professional and fiduciary duty to behave with professionalism when exercising or providing any service to me, the client as a first party consumer. "An action for professional negligence exists where, in the context of the contractual relationship, the professional negligently discharges the duties arising from that relationship." **Rosemann v. Sigillito,** 956 F. Supp. 2d 1082, 1109 (E.D. Mo. 2013). With

respect to the duty of care in professional negligence claims "'[o]ne who undertakes to render professional services is under a duty . . . to exercise such care, skill, and diligence as men in that profession ordinarily exercise under like circumstances.'" **Pond Hollow Homeowners Ass'n v. The Ryland Grp., Inc.**, 779 N.W.2d 920 (Minn. Ct. App. 2010) (alterations in original) (quoting City of Eveleth v. Ruble, 225 N.W.2d 521, 524 (Minn. 1974)); see also **Murphy v. A.A. Mathews, a Div. of CRS Grp. Eng'rs, Inc.**, 841 S.W.2d 671, 674 (Mo. 1992) (en banc). Minnesota courts have recognized claims for professional negligence against professionals such as attorneys, architects, accountants, and engineers. See, e.g., **Minn. Stat. § 544.42, subd. 1(1); Witzman v. Lehrman, Lehrman & Flom**, 601 N.W.2d 179, 184 (Minn. 1999) (accountants); **Pond Hollow Homeowners Ass'n**, 779 N.W.2d at 923 (engineer); **Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann, P.C.**, 331 S.W.3d 648, 649 (Mo. 2011) (accountants); **Blackstock v. Kohn**, 994 S.W.2d 947, 950 (Mo. 1999) (attorneys) **Brennan v. St. Louis Zoological Park**, 882 S.W.2d 271, 273 (Mo. Ct. App. 1994) (architect). Courts have occasionally suggested that the scope of professional negligence claims might include other similar professionals, such as roofing companies, see **Trident Grp., LLC v. Miss. Valley Roofing, Inc.**, 279 S.W.3d 192, 197 (Mo. Ct. App. 2009), or **real estate appraisers, Dueker v. Gill,** 175 S.W.3d 662, 669 & n.6 (Mo. Ct. App. 2005) (noting in the context of a negligent misrepresentation claim that "there is some general authority that commercial real estate appraisers may be held liable for negligent misrepresentation" (internal quotation marks omitted)).

I had requested a "follow-up Mold inspection" with the inspector on many occasions, whereby no response had been forthcoming. I had deployed several methods of communication making every effort to get in contact with the inspector, whether by telephone or text, nothing was reciprocated. The inspector had a duty to acknowledge my communications to him, and to response in some shape or form, this was knowingly, intelligently, intentionally, prejudicially, and harmfully NOT done. No communication by the inspector was forthcoming even after 5 months of constant contact made on my end. I was contacting the inspector directly on his cell phone number **(763) 257-9095**. Furthermore, your company had a responsibility and duty to oversee the activities of the inspector/independent/contractor to see if he was in fact fulfilling his job title correctly, since the payment I made was made directly to your (MI&T) company. The supervision, oversight seemed absent in this case.

Due to not responding to this clients numerous attempts to communicate with, consult on

resolutions, and for basic understanding of the fungi, the material molds and mold conditions, that I, my family, pets, visitors was dealing with and foreseeing there could be alternative problems that could transpire from non-communication, there was a "breach of duty" , "negligence " by the inspector Matthew Christensen since if he had intervened earlier and responded, providing professional direction as to how to prevent and/or attack the "cross-contamination" of airborne mold spores in my home, the total loss, and damage, continuing damages/harm to me, my family, my personal items m*ay have* been avoided and/or salvaged in some way.

At the litigation stage, I was advised by the company or made aware by the company beforehand they would provide further support, and "expert testimony" at this stage. I expected when he showed to court the inspector to be fully versed and knowledgeable to provide a strong case since this was within his "expertise" to do so, however, this was not the case. I had paid the inspector $600.00 USD to appear at the **RAMSEY COUNTY MINNESOTA COURT** trial on 12/02/2020. (Matthew Christensen was unable to be located for the initial trial date and proceedings had to be continued to 12/02/2020) Paying this amount would not be a major issue only if he had come strongly prepared. Unfortunately, he was ill-prepared which inherently was to the detriment to my overall case at court. This was not the outcome I was expecting, or the "expert testimony" that I paid for from your company.

The inspector had the duty to provide instructions to me, so I was FULLY prepared for court. This duty could ONLY be fulfilled by the inspector if prior/earlier contact were made by him, so that we had the time to get the totality of the issues of the case prepared. Again, this duty of care was NOT fulfilled to a professional standard by **Matthew Christensen** dba **MI&T CORPORATION**. Further, Christensen and MI & T have (in this matter) breached a Professional and fiduciary duty owed to me, your client, a consumer, thus your behavior has caused me injury, damages, harm, loss of property, mental anguish, pain and suffering, continuing wrong, continuing damages/harm due to neglecting to inform me of the serious continuing consequences of toxic mold "cross contamination issues" in my home, body, vehicles, visitors, etc.

### Breach of Duty/Loss

There is a direct and proximate causation between your Company breach of duty of care your company/inspector provided which resulted in foreseeable outcome. Evidently, as will be discussed below, there is a strong case for professional negligence in how your company behaved and operated in this matter. "if the act is one which the party ought, in the exercise of ordinary care, to have anticipated, was likely to result in injury to others . . . even though he could not have anticipated the particular injury which did happen." *Wartnick*, 490 N.W.2d at 113.

The absence of communication presented by the inspector caused a serious breach of duty and had wide reaching implications in the overall well-being and state of the apartment and the items inside. Due to the lack of communication by the inspector which would have resulted in early intervention and diagnosis of the toxic mold i.e., (Penicillium/Aspergillus, Basidiospores, Ascospores, Cladosporium), and the *level* of Mold spores in the air, I was adversely deprived of life, liberty and the pursuit of happiness, enjoyment and happiness due to the toxic airborne mold spores that developed in my home, thereafter contaminating my entire home, all of its contents, myself, family members , and visitors. More seriously, there are possible health and medical implications of being exposed to such toxic mold, and its toxic airborne mold spores .

- I sustained a large personal financial loss, sustained damages **of $32,000.00 USD, ( see EXHIBIT # C-Affidavit of Expenses)** because I had to dispose of primarily all of my personal property items in the home due to them becoming infested/cross contaminated with toxic airborne mold spores and/or "excessively damp indoor environments".

- Due to the negligence of the inspector in the poor preparation for the court case, further lack of aid in supporting me and preparing me for the actual court case, I lost my case in which I was suing for **$650,000.00 USD** for damages. I relied on the inspector's honor, good faith, credibility, trust, and expertise to provide supporting evidence which he had the knowledge and expertise to do so, however, he was ill-prepared /or was unable/unwilling to do so, or conspired with others to deprive me of a rights under color of law, in violation of his fiduciary duty to me as his client, customer, consumer.

- Due to the negligence of the inspector when he, (for 4 1/2 months), knowingly, willingly, intentionally, did NOT communicate, consult with me AT ALL,, about the very serious dangers of possible airborne *toxic mold spores* "cross contaminations", as being a human and public health hazard a factor that I believe weighed heavily into the loss of the case that I brought in Ramsey County housing court: see JAMES PAUL CAMPBELL VS. TAYLOR JOHNSON..

**Mental/Emotional Distress**

Due to your Company's breach of duty of care I have suffered great loss and inconvenience. The implications on my mental and emotional health were overwhelming and damaging, a continuing wrong, and have continued to this date. This was additional emotional distress that could have been avoided if the correct protocols had been followed here. I have had numerous painful, confusing, and sleepless nights due to your company. I have lost the joy of being in my home and lost numerous very sentimental, irreplaceable items that could not have been saved. The Stress, anxiety, trauma, pain, mental anguish, frustration on me has been overwhelmingly intolerable at times, all of which is a direct contribution as to how your company (**MI&T**), **Matthew Christensen** behaved towards me.

**Remedy Sought**

**In reparation for all the issues incurred I seek compensation, damages, and interest in FULL. I have noted the remedies I seek below:**

- I seek compensation for the mental and emotional distress caused due to the immense delays in this matter, constant non-response, and absence of any form of communication leaving me feeling isolated in this matter and victimized.
- I seek compensation due to the constant worry of the possibility of developing future and continued medical problems from the "excessively damp indoor environments", and toxic airborne Mold spores, cross contamination as disclosed in your companies Mold report see ( **EXHIBIT # A** MOLD REPORT.).
- I seek compensation for the loss incurred due to the damage to my personal items due to the toxic airborne Mold spores, and "excessively damp indoor environments" discovered and disclosed to me by your company in your ( **EXHIBIT # A** MOLD REPORT.).
- I seek compensation for the utter negligence, malfeasance, violation of duty of care and

fiduciary duties, in NOT properly representing me in court, the costs of going to court and paying for you and any such related costs, notwithstanding the **$650,000.00 USD** claim that MI&T COMPANY and agent **Matthew Christensen** unprofessional conduct did undermine and are a direct cause of the loss of complainants case.

- I seek FULL compensation for my past, present, current, and future losses, and all damages caused to me, my family, and friends due to the "cross contamination" of personal property, bodily injuries, vehicles,
- I seek FULL compensation and interest for the delays caused in settling this matter with me and the many months I have had to wait for a resolve.
- I seek full compensation pursuant to the redress of all grievances and remedies at law available to me in this matter.
- I seek to include in this award the damages that will occur in the future as a result of any/all continuing wrongs, injury. These future losses;
- I seek Interest on money damages
- I seek any/all Reasonable attorney fees and different types of relief or as the court shall deem just and proper.

## Conclusion

I demand **$850,000.00 USD** damages due to the number of errors and lack of foresight in handling my matter correctly. You have breached duty of care and fiduciary duty you owed to me. I seek FULL/COMPLETE reparations for ALL/ANY of the violations, hassles MI&T et al., And **Matthew Christensen** caused me and my family and that I have gone through from beginning to the end, and currently in this matter. (Presently in my new home dealing with the effects of "cross contaminations" from a consequence of bringing my household papers from my old home : 1153 sherburne Avenue, Apt # b, saint, paul, minnesota, receipts, cleaning supplies, some electronics, clothes, miscellaneous property etc to my now current residence, and into my family's home).

### Additionally, I also Demand for:

1. "Certified Proof of valid credentials" that Inspector **Matthew Christensen** was in fact a "Mold Expert" as advertised on Your website. From my information, and his in court testimony on 12/02/2020 **Matthew Christensen** had only "gained his certification 3 years prior", which brings into question his self-proclaimed "expertise" in this field.
2. Further, I would like to see EVIDENCE/PROOF that he, as well as **MI&T COMPANY** is licensed, registered, and validly insured to do work in the State of Minnesota or registered with the MINNESOTA SECRETARY OF STATE,

MINNESOTA DEPARTMENT OF COMMERCE.

3.  I also am making a formal request for the "Full disclosure" of the (1) insurance policy numbers, (2) limits, (3) umbrella coverages of both **MI&T CORPORATION**, and **Matthew Christensen** pursuant to federal and state insurance disclosure laws.

4.  I also seek FULL clarification on *why* in order to contact **Matthew Christensen** I had to contact your company **MI&T** directly, even though **Matthew Christensen** holds himself out to be an "Independent Contractor "working for your company?.

I expect you to acknowledge this letter in **7 days** and expect a full response in **30 days**. If you do not comply with the above stated steps and no payment is forthcoming from your end within 30 days then I will be forced to take anyone or all of the following actions:

  a. Initiate an action against you for recovery of the total outstanding amount, damages, costs of suits and costs of funds under the Law.
  b. Any other legal step which I may deem fit and appropriate.

In case you do not appreciate the gravity of the situation by not complying with the above stated, and I am forced to take legal proceedings against you, in that event you will bear the responsibility of all the consequences and entire consequential costs incurred thereupon.

This is also notified that this final Demand is issued without prejudice to any other right or remedy of my interest which has accrued or shall accrue till any action is initiated

I look forward to hearing from you in the next seven days.


Respectfully submitted,


By: *[signature]*
James Paul: Campbell, "Without Recourse", Injured Party, living man,


*[signature]*
Signature of Petitioner

STATE OF MINNESOTA

COUNTY OF HENNEPIN

Personally appeared before me, the undersigned authority at law in and for the aforesaid jurisdiction, **James-Paul: Campbell,** who, after being first duly sworn, stated that the matters and things set forth in the above and foregoing Verified Administrative Complaint are true and correct as therein stated.

_____
**James-Paul: Campbell, Without Recourse**

_____
Signature of Petitioner

SWORN to and subscribed before me, this the ___10th day of___ ___July___ 2021.

Notary Public

RILEY S INGBRETSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2026

My Commission Expires: 01/31/2026